UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALIGNMENT HEALTHCARE, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Civil Action No. 26-2441 (CRC) |

**SECOND DECLARATION OF ELIZABETH GOLDSTEIN**

I, Elizabeth Goldstein, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Director of the Division of Consumer Assessment and Plan Performance, Medicare Drug Benefit and C & D Data Group at the Centers for Medicare & Medicaid Services (CMS) within the Department of Health and Human Services (HHS). I have held this position since October 2000, and I have been employed by CMS since 1993. In my role as the Director of the Division of Consumer Assessment and Plan Performance, I manage a team of professional staff with a variety of advanced degrees in fields including public policy, health economics, and statistics. My team is responsible for overseeing the Medicare Advantage Star Ratings system, including the development and updating of measures, the administration of surveys, and the annual calculation of Part C and D Star Ratings. I received my Ph.D. in health economics and public policy from the University of Wisconsin – Madison. I have over 30 years of experience in survey research, quality measurement, and public policy. I specifically have expertise in federal health policy, value-based purchasing programs, design and implementation of national, largescale

patient experience of care surveys in a variety of settings, development of quality measurement programs in multiple health settings, including Medicare Advantage, and evaluation of large-scale health programs. Statements made in this declaration are based on my personal knowledge, information contained in agency files, and information furnished to me in the course of my official duties.

2. The process for calculating Medicare Advantage Star Ratings is described in detail in a document called the "Part C and D Star Ratings Technical Notes," which is published annually. The 2026 version, published on September 25, 2025, is available publicly at https://www.cms.gov/files/document/2026-star-ratings-technical-notes.pdf. Pages 3 through 25 describe in detail the process CMS uses to calculate Star Ratings.

3. Each contract receives a raw score on each measure on which it is rated. The raw score is converted to a measure-level Star Rating (on a 1 to 5 scale with no half-star increments) by the application of cut points, which are calculated from the data for all contracts in a given year.

4. The process of converting a contract's measure-level stars to its overall Star Rating (the value that is used to determine Quality Bonus Payment status) begins with the calculation of the weighted summary mean with and without improvement measures. Once the measure-level cut points are determined, it is possible to calculate the star for each measure. Each measure is assigned a weight from one to five (measures with higher weights have more influence on the final summary rating), and the weighted summary mean is the weighted average of a contract's measure stars.

5. Recalculating SCAN's Star Rating without the ten measures it challenges requires recalculating the improvement measure scores and stars (including the cut points), the reward factor, and the Categorical Adjustment Index. And calculating those values requires re-running

data for all contracts in a hypothetical scenario where the relevant measures are removed for all contracts, even if the final output changes only the measure score or rating for the contract at issue.

6. It is possible to recalculate a weighted summary mean without improvement measures without knowing anything about the performance of other contracts. There are subsequent adjustments to the weighted summary mean without improvement measures that cannot be made without comparing data for all contracts. The first of these adjustments involves calculating the weighted summary mean with improvement measures. To calculate the improvement measures, CMS follows the procedure at pages 120-126 of the Technical Notes. This is an elaborate process, and it is not possible to calculate improvement measure stars (and, in particular, to calculate improvement measure cut points) without using data from all contracts. Both the Part C and Part D improvement measures have a weight of 5, meaning that a contract that scores well on the improvement measures can see a substantial increase between its weighted summary mean without improvement measures and its weighted summary mean with improvement measures. Conversely, a contract that performs poorly on the improvement measures can see a substantial decrease.

7. There are two further adjustments to a contract's weighted summary mean that are calculated with and without the improvement measures, both of which require a comparison of all contracts' data to calculate accurately.

8. First is the reward factor. A contract's reward factor can be 0, .1, .2, .3, or .4. The reward factor is added to the weighted summary mean with or without improvement measures. The reward factor incorporates two considerations: a contract's weighted summary mean with or without improvement measures (the higher a contract's score, the better its performance on this component of the reward factor), and a contract's variance (the less variance, the better its

performance on this component of the reward factor); contracts that perform consistently well across measures have a better reward factor than those that have a mix of measure scores or perform consistently poor. The reward factor cannot be calculated without knowing each contract's data because reward factor values are assigned based on a contract's percentile (as compared to all other contracts) on mean and variance. See Technical Notes at 14-16. It is impossible to perform the necessary calculations unless all contracts in the calculation have identical measures.

9. Finally, there is the Categorical Adjustment Index. This is another value that is added to (or subtracted from) a contract's weighted summary mean after addition of the reward factor. The Categorical Adjustment Index can be either positive or negative, but it is typically very small: less than fifteen hundredths of a star (0.15). For contracts close to a threshold between half-star increments, it can move the contract's rating upward or downward. The Categorical Adjustment Index entails a comparison across all contracts; it incorporates data collected for the previous year's Star Ratings. Technical Notes at 16. Calculating the Categorical Adjustment Index requires an apples-to-apples comparison across contracts; it is not possible to derive a Categorical Adjustment Index when comparing contracts that are rated on different measures.

10. The number assigned to a contract after all of these calculations (weighted summary mean with or without improvement measures, plus the reward factor and plus or minus the Categorical Adjustment Index) is its final summary score. For a contract with 4 or more stars for its final rounded summary score, the improvement measures are excluded from a contract's final summary score if they bring the rounded rating down. Technical Notes 13-14.

11. For a contract that has a weighted summary mean without improvement and a variance profile that could yield multiple different Star Ratings depending on the application of the remaining factors, the only way to recalculate that contract's Star Rating for Quality Bonus

Payment eligibility purposes is to re-run its data against other contracts. CMS would not assign a contract a Star Rating for Quality Bonus Payment eligibility purposes without undertaking a full recalculation if there were any uncertainty about its ultimate score. This full recalculation entails comparing the contract at issue with all other contracts with the same measures removed from all contracts in the recalculation, re-running the improvement measure cut points, recalculating the improvement measures, and recalculating the reward factor and Categorical Adjustment Index with the smaller set of measures.

12. A contract's final Star Rating is its final summary score rounded to the nearest half-star.

In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 6th day of October, 2026, in Baltimore, Maryland.

ELIZABETH H. GOLDSTEIN -S
Digitally signed by ELIZABETH H. GOLDSTEIN -S
Date: 2026.10.06 09:42:54 -04'00'

Elizabeth Goldstein